UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSICA CROUCH, on behalf of K.C.,

                Plaintiff,

      -against-                                      5:11-CV-0820 (LEK/ESH)

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

                Defendant.
_____

## DECISION and ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on December 31, 2012, by the Honorable Earl S. Hines, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York. Dkt. No. 17 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objection by Plaintiff Jessica Crouch ("Plaintiff"), which was filed on January 14, 2013. Dkt. No. 18 ("Objection").

**II.    BACKGROUND**

Plaintiff filed a protective application for Supplementary Security Income ("SSI") on behalf of K.C., a minor, on September 18, 2007, because of K.C.'s attention deficit hyperactivity disorder ("ADHD"). Report-Rec. at 1. After an August 6, 2010, hearing before an Administrative Law Judge ("ALJ"), Plaintiff's application was denied. Id. at 2. On May 17, 2011, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's August 13, 2010, written decision the final decision of the Commissioner. Id. Plaintiff subsequently filed this appeal.

In his Report-Recommendation, Judge Hines recommended that the Commissioner's decision denying Plaintiff SSI benefits be affirmed in full. Id. at 23. For the following reasons, the Court adopts the Report-Recommendation in its entirety and dismisses Plaintiff's Complaint. Dkt. No. 1 ("Complaint").

## III.   STANDARD OF REVIEW

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## IV.   DISCUSSION

### A. The Report-Recommendation

In his Report-Recommendation, Judge Hines found the ALJ's conclusion that K.C. is not disabled, and therefore not eligible for SSI benefits, legally valid and supported by substantial evidence in the record. In making that finding, Judge Hines first reviewed the relevant administrative decision-making process at length and then addressed three challenges Plaintiff levied at the ALJ's decision. First, Judge Hines determined that the ALJ followed the legal standards set forth in Social Security Ruling 06-03p in finding that K.C. did not "functionally equal"

2

a disability listed in the "Listing of Impairments."[1]  Report-Rec. at 18-20; see 20 C.F.R. § 404, subpt. P, app'x 1, at 112.11 (2012) (listing ADHD); SSR 06-03p, 71 Fed. Reg. 45,593, 2006 WL 2329939 (Aug. 9, 2006).  Second, Judge Hines rejected Plaintiff's contention that the ALJ was required to re-contact one of the medical treating sources, because the evidence the source provided was adequate and had no obvious gaps.  Report-Rec. at 21.  Finally, Judge Hines found that the ALJ's credibility assessment and corresponding assignment of weight to the various testimonial sources were supported by substantial evidence and not patently unreasonable.  Id. at 22.

### B. Objection

Plaintiff makes a single compound objection to the Report-Recommendation: that Judge Hines failed to equate "a serious problem" and "a very serious problem" on a teacher questionnaire with, respectively, "a marked limitation" and "an extreme limitation" under the Commissioner of Social Security's definitions; and that Judge Hines consequently erred in finding that the ALJ properly weighed the opinion of Ms. Renee Homer, K.C.'s special education teacher.  Obj. at 1-3; see Report-Rec. at 16 n.17.  Plaintiff contends that if the ALJ had given Ms. Homer's opinion the greater weight to which it was entitled, the ALJ might have found that K.C. is disabled.  Obj. at 3.

### C. Decision To Adopt the Report and Recommendation

As Plaintiff notes, the pertinent regulations use "seriously" and "very seriously" in defining

---

[1] Six "domains" are used to gauge functional equivalence to a listed impairment when a child, like K.C., does not "medically equal" one of the listed impairments.  See Report-Rec. at 3; 20 C.F.R. § 416.926a(b)(1)(i)-(vi).  To functionally equal a listed impairment, the child must be found to have a "marked limitation" in two of the domains or an "extreme limitation" in one.  See Report-Rec. at 4.

"marked" and "extreme" limitations.[2]  Even if these pairs of terms ought to be considered interchangeable in teacher evaluations, however, a review of the testimony quickly shows that the ALJ's weighing of the evidence in this case was proper.  Moreover, Ms. Homer did not render an overall assessment in any of the six domains used to gauge disability; her judgment of K.C.'s "serious" or "very serious" problems related only to certain activities within the domains.

Because the first part of Plaintiff's objection is thus immaterial, rendering any potential error in the Report-Recommendation on that point harmless, the Court addresses only the second part of the objection – the weighing of the evidence.  Because Judge Hines already addressed this argument, see Report-Rec. at 22, and because weighing the evidence is in any event the exclusive province of the ALJ, see, e.g., Campbell v. Astrue, 465 F. App'x 4, 5 (2d Cir. 2012), the Court need review Judge Hines's Report-Recommendation only for clear error.  Farid, 554 F. Supp. 2d at 307 (N.D.N.Y. 2008).  Nevertheless, out of an abundance of caution, the Court will review *de novo* the testimony relevant to Plaintiff's objection.

A treating physician's opinion receives controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Halloran v. Barnhart, 362 F.3d 28, 31-32 (2d Cir. 2004).  Where there is conflict, however, the opinion of a "non-medical source," such as a teacher, may outweigh the opinion of a medical source (including a

---

[2] See 20 C.F.R. § 416.926a(e)(2)(i) (2012) ("We will find that you have a '*marked*' limitation in a domain when your impairment(s) interferes *seriously* with your ability to independently initiate, sustain, or complete activities." (emphases added)); 20 C.F.R. § 416.926a(e)(3)(i) (2012) ("We will find that you have an '*extreme*' limitation in a domain when your impairment(s) interferes *very seriously* with your ability to independently initiate, sustain, or complete activities." (emphases added)).

treating source) when the teacher "has seen the individual more often and has a greater knowledge of the individual's functioning over time and if the [teacher's] opinion has better supporting evidence and is more consistent with the evidence as a whole." SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). Those circumstances are not present here. Specifically, Ms. Homer's opinion is neither better supported than the medical sources' opinions nor more consistent with the overall evidence.

In Ms. Homer's opinion, K.C. has "very serious problems" in activities relating to three of the six domains and "serious problems" in activities relating to four domains. See Dkt. No. 9 ("Administrative Record") at 196-203. Ms. Homer rendered her opinion in the form of circled ratings on a form questionnaire, accompanied by a few single-sentence statements but no other documentation or explanatory evidence. See id. at 196-203, 268-275.

The medical sources, on the other hand, included treatment notes from K.C.'s pediatrician, Dr. Sivaneswary Ananda, whom K.C. saw thirty-six times during the relevant period; the results of psychological and intelligence quotient testing by Dr. Stephen Tien, a consultative psychologist; and conclusions from a childhood disability evaluation by Dr. K. Prowda, a state agency psychiatrist. Id. at 330-41, 347-86. Dr. Ananda regularly found that K.C.'s ADHD was "under control with medication." See id. at 347-48, 351-52, 354, 356-57, 359-60, 372-73, 375-79. Dr. Tien noted "mild impairments of attention and concentration and recent and remote memory skills," and that K.C. "should be able to work close to grade-level" with continued assistance. Id. at 333, 335. Dr. Prowda found that K.C. had "marked limitations in attending and completing tasks; less than marked limitations in acquiring and using information, interacting and relating with others, and caring for himself, and no limitations in all other areas." Id. at 338-39. Ms. Homer's opinion was

5

not better supported than these medical sources' opinions and therefore could not have outweighed them.

Nevertheless, the ALJ gave some weight to Ms. Homer's opinion, embracing her assessment that K.C. has a learning disorder affecting his abilities in language and math, and finding that K.C. had a "marked limitation" in the domain of attending and completing tasks. See id. at 20-22. He also noted, however, that Ms. Homer's opinion was inconsistent with other parts of the record. See id. at 64-65, 199, 269, 334; see also id. at 333-79 (medical sources' opinions). Where a teacher's opinion is inconsistent with the totality of the evidence, it is the ALJ's prerogative to assign that opinion only some or little weight. See Bonet ex rel. T.B. v. Astrue, No. 1:11-CV-1140, 2012 WL 3544830, at *7 (N.D.N.Y. Aug. 16, 2012).

The Court therefore finds that the ALJ's decision was supported by substantial evidence and in accordance with governing legal principles.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 17) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the decision of the Commissioner is **AFFIRMED;** and it is further

**ORDERED**, that the Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:      January 28, 2013

Finalize:
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge